## Loring Foster, Petitioner, &c. *versus* The Heirs of Jeremy Stone.

Under Revised Stat. *c.* 117, allowing to a person furnishing labor and materials for the erection of buildings on the land of another, in pursuance of a contract in writing between them, a lien on the land, it was *held*, that such lien attaches, although the contract be not recorded until after the death of the owner of the land.

This was a petition to the Court of Common Pleas, under Revised Stat. *c.* 117, § 4, for a decree authorizing the sale of certain real estate, and was submitted to the Court upon the following statement of facts agreed upon by the parties.

On October 3, 1836, the petitioner who was a mechanic, entered into a written contract with Jeremy Stone, by which the petitioner became bound to build certain houses upon the land of Stone within a specified time and for a certain price. He finished the buildings in conformity with the terms of the contract. On February 9, 1837, after the petitioner had made some progress in the performance of the contract, Stone died at Savannah in Georgia. Information of his death was received in Worcester about the 14th of February, 1837 ; and the contract was recorded on the 20th of the same month. Administration on the estate of Stone was granted in Georgia, and ancillary administration taken out in this Commonwealth. The estate within this Commonwealth was represented to be insolvent, and was in fact insolvent ; but the representation of insolvency was made after the contract had been recorded.

This petition was filed and prosecuted in the Court of Common Pleas in due season ; and that court rendered judgment against the petitioner. An appeal was thereupon made to this Court.

*Oct. 4th.*    C. *Allen* and *Miles*, for the petitioner, cited Revised Stat. *c.* 117, § 1, 2, 27 ; *St.* 1819, *c.* 156 ; *St.* 1783, *c.* 37.

*Washburn*, *contrà*, cited Revised Stat. *c.* 68 ; Revised Stat. *c.* 117, § 21, 26.

*Oct. 8th.*    Wilde J. delivered the opinion of the Court. This suit is founded on a contract made in pursuance of the 117th chapter of the Revised Statutes, which provides that every person who shall, by contract with the owner of any piece of land, furnish labor or materials for erecting or repairing any building on such

land, shall have a lien upon the whole piece of land for the amount due to him for such labor and materials. Such lien however is not to attach unless the contract is made in writing, and signed by the owner of the land, or by some person duly authorized by him, and recorded in the registry of deeds for the county where the land lies. And when any sum due by such contract shall remain unpaid, for the space of sixty days after the same is payable, the creditor may, upon a petition to the Court of Common Pleas, obtain a decree for the sale thereof, and for applying the proceeds to the discharge of his demand.

To obtain such a decree in his favor the petitioner filed his petition in the Court of Common Pleas, and from a decree of that court the case has been brought up to this Court by appeal. And the only question which has been argued on the facts in the case is, whether the petitioner has acquired any lien on the land of the deceased contracting party.

The defendants' counsel maintain, that no lien attached, as Stone died before the contract was recorded, and thereupon his estate vested in his heirs, subject to the contingency of the insolvency of his estate, or otherwise to the general claims of his creditors. The argument is founded on the supposed analogy between the lien in question, and that created by an attachment of the property of a debtor, which is dissolved by the death of the debtor, unless the property be before taken or seized on execution, provided administration of the estate be granted within one year, or application for such administration be made within that time. But if no such administration be granted, then the property attached is to continue bound in like manner as if the debtor were still living. We do not consider it necessary to determine how nearly these liens are analogous, because it would not maintain the respondents' defence, however perfect the analogy might be. It may be remarked, however, that in one respect there is an important difference between a mechanic's lien for labor and materials, and a lien created by attachment. In the latter case an attaching creditor has no claim for preference over other creditors except by his attachment; whereas when a mechanic obtains a lien unde the statute, and relying thereon, increases the value of the land

by erecting buildings thereon, he has a strong equitable claim for reimbursement to the extent of the value of his labor and materials furnished for building ; and in this respect he has a marked preference over the other creditors of the owner of the land, who had trusted to the personal credit of their debtor. And in this respect he has a stronger equitable claim of preference than a mortgage creditor. These considerations might be material, if the construction of the statute in respect to the petitioner's claim, were doubtful. But we are of opinion, that the meaning of the statute is very clear. By the 27th section, it is enacted, that if the person indebted in any such contract shall die or shall convey away his estate, before the commencement of a suit on the contract, the suit may be commenced and prosecuted against his heirs, or whoever shall hold his estate ; or if a suit is commenced in his lifetime, it may be prosecuted against his heirs and assigns in like manner as if the estate had been mortgaged to secure the debt.

And so if the creditor in such contract dies before the commencement of a suit thereon, the suit may be commenced by his executors or administrators.

From these provisions of the statute it is manifest, that the legislature intended, that the death of neither of the contracting parties should impair or dissolve the statute lien, or prevent its attaching if the owner of the land should die before the contract should be recorded. No time is limited within which it is required to be recorded, and in this respect the petitioner's lien is analogous to that of a mortgage. No reason can be given why the death of the owner of the land should prevent the lien from attaching. The estate on his death descended to his heirs ; but they held it subject to the claims of creditors ; and to them it is immaterial, whether the land be sold for the payment of debts generally, or in satisfaction of the claim of the petitioner ; and the suit lies against them by the express words of the statute. And the statute makes no provision for allowing creditors to become parties, except such as should obtain liens on the land in the manner therein prescribed. We think, therefore, that there is no valid objection to the petitioner's claim, and that the prayer of his petition must be granted.